STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS J. FINN IV, an individual; and FREAKS SPORTS & GAMBLING FORUM, an entity of unknown origin and nature,<br><br>Defendants. | Case No.: 2:10-cv-01103<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Thomas J. Finn IV ("Mr. Finn") and Freaks Sports & Gambling Forum ("Freaks Forum"; collectively with Mr. Finn known herein as the "Defendants"), on information and belief:

## **NATURE OF ACTION**

1.  This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

# PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Finn is, and has been at all times relevant to this lawsuit, identified by the current registrar NameCheap, Inc. ("NameCheap"), as the registrant, administrative contact, and technical contact for the Internet domain found at <freaksforum.com> (the "Domain"), as evidenced by a printout of electronic mail sent by NameCheap to Righthaven, attached hereto as Exhibit 1.

5. Freaks Forum is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the literary works posted as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website"), as evidenced by a copyright notice displayed on the Website: "Copyright © 2000 - 2010 Freaks Sports & Gambling Forum All Rights Reserved."

6. Freaks Forum is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.

7. Attempts to find evidence of the formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, New York, Texas, Tennessee, and Nevada demonstrate that, at least with respect to these states, Freaks Forum is not a formally organized business entity.

# JURISDICTION

8. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9. Righthaven is the owner of the copyright in the literary work entitled: "Harrah's Planet of possibilities" (the "Work"), attached hereto as Exhibit 2.

10. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

11. The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

12. On or about February 21, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the Website.

13. The subject matter, at least in part, of the Work and the Infringement, is Harrah's Entertainment, Inc.'s acquisition of the Planet Hollywood Resort and Casino located in Las Vegas, Nevada.

14. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

15. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

16. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

17. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Deals luring people for holiday, but will they spend?" (the "Deals Article"), attached hereto as Exhibit 4, from a source emanating from Nevada.

18. On or about May 29, 2010, the Defendants displayed, and continue to display, the Deals Article on the Website.

19. The Defendants replaced the Deals Article's original title: "Deals luring people for holiday, but will they spend?" with a new title: "A weekend in Vegas."

20. The Defendants' display of the Deals Article was and is purposefully directed at Nevada residents.

21. Mr. Finn purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

22. Freaks Forum purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

23. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, information about Las Vegas, Nevada-based casinos, and such contacts have been in existence at least in excess of one year.

24. The Defendants' contacts with Nevada are continuous and systematic because the Defendants post, on the Website, advertisements for at least seven sports wagering and gambling-related entities (the "Gambling Partners") specially-oriented to Las Vegas, Nevada, and such contacts have been in existence at least in excess of one year.

25. The Defendants' contacts with Nevada are continuous and systematic because the Defendants, via the Website, engage in revenue sharing business relationships with the Gambling Partners, and such contacts have been in existence at least in excess of one year.

26. The Defendants displayed and display, on the Website, an embedded linking structure that demonstrates the heightened privity of relationship between the Defendants and the Gambling Partners, as evidenced by a printout of the Website homepage, attached hereto as Exhibit 5.

27. BetOnline is one of the Gambling Partners, as evidenced by Exhibit 5.

28. BetOnline's sports wagering and gambling-related activities are specially oriented to Las Vegas, Nevada given the clear references to Nevada-style gaming activity as set forth in Exhibit 6, attached hereto.

29. BetOnline's sports wagering and gambling-related activities are specially oriented to Las Vegas, Nevada because BetOnline allows users to engage in a form of sports wagering entitled: "Vegas teasers," evidence of which is attached hereto as Exhibit 7.

30. BookMaker is one of the Gambling Partners, as evidenced by Exhibit 5.

31. BookMaker's sports wagering and gambling-related activities are specially-oriented to Las Vegas, Nevada given the clear references to Nevada-style gaming activity as set forth in Exhibit 8, attached hereto.

32. DiamondSportsbook is one of the Gambling Partners, as evidenced by Exhibit 5.

33. DiamondSportsbook's sports wagering and gambling-related activities are specially oriented to Las Vegas, Nevada given the clear references to Nevada-style gaming activity as set forth in Exhibit 9, attached hereto.

34. Intertops is one of the Gambling Partners, as evidenced by Exhibit 5.

35. Intertops' sports wagering and gambling-related activities are specially oriented to Las Vegas, Nevada given the clear references to Nevada-style gaming activity as set forth in Exhibit 10, attached hereto.

36. Intertops' sports wagering and gambling-related activities are specially oriented to Las Vegas, Nevada because the Intertops' homepage states: "Experience the thrill of Las Vegas in your own home with our Casino," evidence of which is attached hereto as Exhibit 10.

37. Sports Interaction is one of the Gambling Partners, as evidenced by Exhibit 5.

38. Sports Interaction's sports wagering and gambling-related activities are specially oriented to Las Vegas, Nevada given the clear references to Nevada-style gaming activity as set forth in Exhibit 11, attached hereto.

39. Sports Interaction's sports wagering and gambling-related activities are specially oriented to Las Vegas, Nevada because the "About Us" section of the Sports Interaction website attracts users by stating that Sports Interaction is "subject to Las Vegas type regulation," evidence of which is attached hereto as Exhibit 12.

40. WagerWeb is one of the Gambling Partners, as evidenced by Exhibit 5.

41. WagerWeb's sports wagering and gambling-related activities are specially oriented to Las Vegas, Nevada given the clear references to Nevada-style gaming activity as set forth in Exhibit 13, attached hereto.

42. WagerWeb's sports wagering and gambling-related activities are specially-oriented to Las Vegas, Nevada because the WagerWeb homepage states that WagerWeb "is a fully licensed a sportsbook providing a [sic] Las Vegas style sports betting and casino games," evidence of which is attached hereto as Exhibit 14.

43. RaiseandFold is one of the Gambling Partners, as evidenced by Exhibit 5.

44. RaiseandFold's gambling-related activities are specially oriented to Las Vegas, Nevada given the clear references to Nevada-style gaming activity as set forth in Exhibit 15, attached hereto.

45. RaiseandFold's gambling-related activities are specially oriented to Las Vegas, Nevada because RaiseandFold provides users with an opportunity to participate in the Las Vegas, Nevada-based World Series of Poker, evidence of which is attached hereto as Exhibit 16.

## **VENUE**

46. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

## **FACTS**

47. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

48. Righthaven is the owner of the copyright in and to the Work.

49. The Work was originally published on February 19, 2010.

50. On May 6, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007138915 (the "Registration") and attached hereto as Exhibit 17 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

51. On or about February 21, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

52. The Defendants replaced the Work's original title: "Harrah's Planet of Possibilities," with a new title: "Planet Hollywood now part of Harrah's."

53. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

54. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

55. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 54 above.

56. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

57. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

58. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

59. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

60. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

61. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

62. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

63. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

64. Mr. Finn has willfully engaged in the copyright infringement of the Work.

65. Freaks Forum has willfully engaged in the copyright infringement of the Work.

66. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

67. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct NameCheap and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this seventh day of July, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff